UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTINA GARCIA,<br><br>        Plaintiff(s),<br><br>    v.<br><br>SUDS BY THE PARK, INC., et al.,<br><br>        Defendant(s). | 23-CV-6034 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On January 3, 2024, the parties filed a joint letter motion seeking approval of their settlement of Plaintiff's claims. *See* Dkt. No. 18. Under the terms of the agreement, Plaintiff's counsel will receive one-third of the settlement in attorneys' fees and costs. *See id.* Attached to the letter motion are the executed settlement agreement, an estimate of Plaintiff's damages should he prevail at trial, and documentation supporting the requested amount of fees and costs.

It is hereby **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation. In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement and award of attorneys' fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015). After attorney's fees and costs, Plaintiff will receive $6,398.66, which is approximately 19.5% of the maximum total damages Plaintiff estimates she could recover at trial, and approximately 56.2% of Plaintiff's total alleged unpaid minimum and overtime wages. Those percentages are in line

with settlements approved in this District. *See, e.g.*, *Kim v. Choi*, No. 19 Civ. 8911, 2021 WL 1759830, at *1 (S.D.N.Y. May 4, 2021) (approving settlement where the plaintiffs would receive around 62% of their asserted damages and 21% of their total potential recovery); *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to "12.5% of the best-case scenario" for the plaintiff). The settlement is the product of arms-length negotiations by experienced counsel and there is no indication of fraud or collusion.

It is further **ORDERED** that Plaintiff's counsel's request for attorneys' fees and costs is **GRANTED**. Plaintiff's counsel requests $3,601.34 in attorneys' fees and costs. *See* Dkt. No. 18. This amount reflects an award of costs and one-third of the settlement amount remaining after deducting costs. *See Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery."). Counsel's requested fee represents 2.06 times the lodestar amount, as determined by contemporaneous time records documenting counsel's work in connection with this matter. *See id.* Ex. B. Counsel uses hourly rates of $350 (Ms. Catalina Sojo), $325 (Ms. Mary Bianco) and $125 (for paralegal time) to calculate the lodestar amount, figures which have been approved in similar cases. *See Silva v. Legend Upper West LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases."), *adopted by* 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022). Using these figures gives a lodestar amount of $1,772.50 for attorneys' fees. Counsel's requested fee of $3,199.34 is just over double the lodestar amount, making the requested fees presumptively reasonable. *See, e.g.*, *Ramos v. DNC Food Serv. Corp.*, No. 19 Civ. 2967, 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022) ("[C]ourts regularly award lodestar multipliers from two to six times lodestar."); *see also Santos v. YMY Management Corp.*, No. 20 Civ. 1992, 2021 WL

431451, at *2 (S.D.N.Y. Feb. 8, 2021) ("[C]ourts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."). Counsel also provides sufficient documentation in support of its requested $402 for costs, *see* Dkt. No. 18, Ex. B, namely the fee associated with filing the Complaint. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients. The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." (cleaned up)).

It is further **ORDERED** that in accordance with paragraph 11 of the parties' settlement agreement, Plaintiff shall file the fully-executed Stipulation of Dismissal with Prejudice within five days of payment being tendered and no later than **April 11, 2024**.

Dated: January 12, 2024
New York, New York

DALE E. HO
United States District Judge